**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**David P. Kadyk**
**fdba Empowering Solutions**
**Jane A. Kadyk**
   Debtor(s)

Bankruptcy Case No.: 16–23391–CMB
Issued Per Nov. 14, 2016 Proceeding
Chapter: 13
Docket No.: 23 – 14
Concil. Conf.: March 16, 2017 at 10:00 AM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.)* *PLAN CONFIRMATION:*

      IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated October 4, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Mar. 16, 2017 at 10:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☑ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Ally Bank at Claim No. 1 .

- ☐ H. Additional Terms:

*(2.)*  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**  After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**  Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**  Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**  Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**  The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**  In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: November 22, 2016

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                         Case No. 16-23391-CMB
David P. Kadyk                                                 Chapter 13
Jane A. Kadyk
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2            User: jhel                Page 1 of 2              Date Rcvd: Nov 22, 2016
                                Form ID: 149              Total Noticed: 21
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 24, 2016.
db/jdb         +David P. Kadyk,    Jane A. Kadyk,    910 Shadypark Court,    Oakdale, PA 15071-9495
14287766       +American Express Centurian Bank,    and American Express Bank FSB,
                 c/o Kenneth Irvine Chenault, CEO,    4315 South 2700 West,    Salt Lake City, UT 84184-0002
14287767       +Chase Card,    Po Box 15298,    Wilmington, DE 19850-5298
14287768       +Citi,    Po Box 6241,    Sioux Falls, SD 57117-6241
14287769       +Comcast,    PO Box 719,    Toledo, OH 43697-0719
14287770       +Dornish Law Offices PC,    1207 Fifth Avenue Suite 300,    Pittsburgh, PA 15219-6211
14287771       +Dsnb Macys,    Po Box 8218,    Mason, OH 45040-8218
14287772       +Duqesne Light,    Payment Processing Center,    P.O. Box 10,    Pittsburgh, PA 15267-0001
14287773       +GC Services Limited Partnership,    Re: Chase Bank USA, N.A.,    6330 Gulfton,
                 Houston, TX 77081-1108
14287775        JP Morgan Chase Bank, NA,    PO Box 24696,    Columbus, OH 43224-0696
14287774       +Jordan W. Feltzer, Esquire,    American Express Legal,    435 Devon Park Drive, Bldg 500,
                 Wayne, PA 19087-1939
14302740       +MIDLAND FUNDING LLC,    PO Box 2011,    Warren, MI 48090-2011
14287776       +Pnc Bank,    2730 Liberty Ave,    Pittsburgh, PA 15222-4747
14287777        St Clair Professional Services,    1000 Bower Hill Road,    Pittsburgh, PA 15243-1873
14287779       +United Collection Bureau, Inc.,    Re: Chase Bank U.S.A N.A.,    5620 Southwyck Blvd. Ste 206,
                 Toledo, OH 43614-1501
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              E-mail/PDF: rmscedi@recoverycorp.com Nov 23 2016 03:00:00
                 Recovery Management Systems Corporation,    25 S.E. Second Avenue,    Suite 1120,
                 Miami, FL  33131-1605
14301293        E-mail/Text: ally@ebn.phinsolutions.com Nov 23 2016 02:34:54     Ally Bank,    PO Box 130424,
                 Roseville MN 55113-0004
14287765       +E-mail/Text: ally@ebn.phinsolutions.com Nov 23 2016 02:34:54     Ally Financial,
                 Attn: Bankruptcy,    Po Box 130424,    Roseville, MN 55113-0004
14288874        E-mail/PDF: rmscedi@recoverycorp.com Nov 23 2016 03:00:00
                 Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
14287778       +E-mail/PDF: gecsedi@recoverycorp.com Nov 23 2016 02:59:23     Syncb/jcp,    Po Box 965007,
                 Orlando, FL 32896-5007
14287780       +E-mail/Text: BankruptcyNotice@upmc.edu Nov 23 2016 02:37:38     UPMC,    2 Hot Metal Street,
                 Room 386,    Pittsburgh, PA 15203-2348
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Duquesne Light Company
cr             JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
                                                                                   TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 24, 2016                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 22, 2016 at the address(es) listed below:
              Bryan P. Keenan    on behalf of Joint Debtor Jane A. Kadyk keenan662@gmail.com,
               melindap662@gmail.com
              Bryan P. Keenan    on behalf of Debtor David P. Kadyk keenan662@gmail.com,  melindap662@gmail.com
              Joshua I. Goldman    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
```

```
District/off: 0315-2            User: jhel              Page 2 of 2              Date Rcvd: Nov 22, 2016
                                Form ID: 149            Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Peter J. Ashcroft    on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtdrive.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com

                                                                                                  TOTAL: 6